UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JESSE GARZA, § | | |
| SID # 326604 § | | |
| § | | |
| Plaintiff § | | |
| § | | |
| v. § | | Civil Action |
| § | | No. SA-10-CA-141-XR |
| ARMANDO DIAZ, § | | |
| § | | |
| Defendant § | | |

**SHOW CAUSE ORDER**

Before the Court is Plaintiff Jesse Garza's 42 U.S.C. § 1983 Civil Rights Complaint. Plaintiff alleges the following. On August 18, 2005, Plaintiff was released from custody of the Texas Department of Criminal Justice after he completed a five-year sentence for a sexual offense he committed on August 18, 2000. During the release process Plaintiff was informed of his registration requirements, and Plaintiff signed a form stating he understood the registration requirements and penalties. In December 2006, Plaintiff met with Bexar County Sheriff's Detective Armando Diaz. Defendant Diaz was the head of the Bexar County Sheriff's Department Sex Offender Registration Unit. Plaintiff asked Defendant if "everything was the same." Diaz replied affirmatively. On September 18, 2007, Defendant sought an arrest warrant for Plaintiff for failure to register. That case was dismissed in March 2009. In March 2009, Plaintiff believes Defendant informed United States Marshals that Plaintiff was in Toledo, Ohio, and had failed to register there. On March 22, 2008, Plaintiff was arrested in Toledo on a warrant issued by this Court. Plaintiff was informed by Marshals that under the Sex Offender Registration and Notification Act (SORNA) failure to register is a felony offense punishable by a maximum of ten years of imprisonment. On

January 30, 2009, Plaintiff was convicted of failure to register. He was sentenced to time served followed by three years of supervised release.

Plaintiff claims Defendant knew he had to inform Plaintiff that Plaintiff came within SORNA registration requirements and penalties. Plaintiff complains of Defendant's recklessness, malfeasance, and deliberate indifference. Plaintiff states if he had been made aware of the penalties under SORNA, the failure to register offense might not have been committed. Plaintiff sues Defendant in his official and individual capacities. Plaintiff seeks money damages.

Title 28 U.S.C. § 1915A requires this Court to screen prisoners' complaints and dismiss the complaint if the court determines it is frivolous or malicious, or it fails to state a claim on which relief may be granted. An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To state a claim pursuant to Fed. R. Civ. P. 12(b)(6), plaintiff's allegations must present "enough facts to state a claim to relief that is plausible on its face," i.e. the "[f]actual allegations must be enough to raise a right to relief above the speculative level," and "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). When interpreting a prisoner's complaint, the court should look at the substance of the complaint setting aside statements of "bare legal conclusions, with no suggestion of supporting facts." *See Wesson v. Oglesby*, 910 F. 2d 278, 281 (5th Cir. 1990). A conclusory complaint, one that fails to refer to material facts, may be dismissed as frivolous, *see e.g. Wilson v. Budney*, 976 F. 2d 957, 958 (5th Cir. 1992); *Moody v. Baker*, 857 F. 2d 256, 257 (5th Cir. 1988), or for failure to state a claim, *see Rios v. City of Del Rio*, 444 F. 3d 417, 426 (5th 2006).

To establish a claim under § 1983, a plaintiff must prove the violation of a right secured by

the Constitution and laws of the United States and show the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The case and controversy requirement of Article III of the Constitution requires that to proceed in federal court a complaint must allege an injury, *see O'Shea v. Littleton*, 414 U.S. 488, 493-95 (1974), that is more than de minimis or trivial, *see Glenn v. City of Tyler*, 242 F. 3d 307, 314 (5th Cir. 2001).

*Plaintiff's Complaint is subject to dismissal as frivolous and for failure to state a claim for the following reasons*:

1. A suit against Defendant Diaz in his official capacity as a Bexar County detective is in reality a suit against Bexar County. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To establish liability on the part of a county or municipality, a plaintiff must demonstrate a policy or custom which caused the alleged constitutional deprivation. *See Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 690-91 (1978). An employer is not liable under § 1983 on a respondeat superior theory, i.e. an employer is not liable under § 1983 solely because it employs a tortfeasor. *Id.* at 691. Plaintiff's Complaint fails to allege the requisite custom, practice, or policy, as a basis for liability against Bexar County.

2. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and show the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). A plaintiff may satisfy the "under color of state law" requirement of § 1983 by proving that the conduct causing the deprivation is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982). Plaintiff has not

3

alleged how Defendant Diaz had any constitutional duty to inform Plaintiff about SORNA.

3.	Qualified immunity extends to government officials sued in their individual capacity for performing discretionary functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Once a qualified immunity defense is raised, it is the plaintiff's burden to reply to that defense in sufficient detail to overcome the defense or face dismissal. *Schultea v. Wood*, 47 F. 3d 1427, 1433 (5th Cir. 1995) (en banc). Overcoming a qualified immunity defense requires examination of a two-step analysis: the plaintiff must show the defendant violated his constitutional rights and the constitutional right allegedly violated was clearly established at the time the events in question occurred. *Nerren v. Livingston Police Dept.*, 86 F. 3d 469, 473 (5th Cir. 1996). Defendant in his individual capacity is entitled to invoke qualified immunity and Plaintiff has failed to allege particular facts sufficient to show Defendant is not entitled to qualified immunity. Plaintiff has not alleged how he had a clearly established constitutional right to be informed by Defendant about SORNA.

4.	Any attempt by Plaintiff to undermine the validity of his federal conviction by his Complaint is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the Supreme Court explained as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a [plaintiff]

> seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Because Plaintiff's conviction has not been overturned or otherwise declared unlawful, a civil rights action challenging his conviction or calling into question the legality of his conviction is barred by *Heck v. Humphrey*. Furthermore, injunctive and declaratory relief are not available in this civil rights action. In *Preiser v. Rodriguez*, 411 U.S. 475, 487-88, 499 (1973), the Supreme Court held that where an inmate seeks release from confinement the inmate's sole remedy is through a writ of habeas corpus.

5. A defendant in a SORNA failure to register case need only know they have an obligation to register; the defendant need not know there is an obligation under SORNA to register and that the failure to register violates federal law. *United States v. Whaley*, 577 F.3d 254, 262 (5th Cir. 2009). It is enough that the defendant know there is an obligation to register under state law. *Id*. "By the time that SORNA was enacted in 2006, every State and the District of Columbia had enacted a sex offender registration law." *United States v. Gould*, 568 F.3d 459, 464 (4th Cir. 2009).

In the Amended Plea Agreement in Plaintiff's federal criminal case, No. SA-08-CR-270-XR, Plaintiff agreed and stipulated that the Government was prepared to show, beyond a reasonable doubt, the following:

> On March 12, 2001, Jesse GARZA was convicted and subsequently received five (5) years sentence for indecency with a child, Sexual Contact, Texas Penal Code 21.11(a)(1), (2nd Degree Felony). His victim was a 16-year old female.
>
> GARZA was released from the Texas Department of Corrections and subsequently signed a State of Texas Form CR-32 (Pre-Release Notification Form for the Texas Sex Offender Notification Program). This form detailed Garza's responsibilities regarding reporting and staying in compliance with Sex Offender status.

> On February 1, 2007, GARZA registered with the Bexar County Sheriff's Office, San Antonio, Texas, and was notified of his registration requirements that included if the Offender changes address to another state, he must notify the Bexar County Sheriff's Office and a designated law enforcement agency in the new state no later than 10 days before he/she establishes residence. This signed document formally recognizes the acknowledgement by the Offender that he has been advised of his duties to register as a Sex Offender and that failing to comply with these duties constitutes a felony in the State of Texas.

Plaintiff does not allege he was unaware he had to register as a sex offender in Ohio and that he had to notify Bexar County of his move to Ohio. The Amended Plea Agreement in his criminal case shows he was aware of those registration obligations. Consequently, Plaintiff was not harmed by not being informed of SORNA by Defendant.

Before dismissal Plaintiff is entitled to amend his Complaint to cure these deficiencies if possible. *See Neitzke v. Williams*, 490 U.S. 319, 329 (1989). **Therefore, within twenty (21) days Plaintiff shall show cause why his civil rights Complaint should not be dismissed as frivolous and for failure to state a claim by filing an amended complaint (of no more than ten (10) pages) curing these deficiencies.** Alternatively, Plaintiff may request voluntary dismissal of this case. Fed. R. Civ. P. 41(a)(1). If Petitioner fails to respond to this Order, his Petition will also be dismissed for failure to prosecute and failure to comply with the Orders of this Court pursuant to Fed. R. Civ. P. 41(b). *See Martinez v. Johnson*, 104 F. 3d 769, 772 (5th Cir. 1997).

**It is so ORDERED.**

**SIGNED** on February 26, 2010.

*[signature: Nancy Stein Nowak]*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE